Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 3 C 1002 | **DATE** | 10/20/2003 |
| **CASE TITLE** | Papst Licensing vs. Samsung Electro-Mechanics | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant Papst's motion for summary judgment on its breach of contract claims and deny Samsung's cross-motion for summary judgment on Counts I and II of its counterclaim. In granting summary judgment on Count I of Papst's complaint, we resolved the issue of liability. However, the issue of damages may still remain. Thus, we set a status for 11/21/2003 @ 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 21 2003 | |
| | Notified counsel by telephone. | | date docketed | 36 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | 03 OCT 21 PM 3:27 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAPST LICENSING GmbH & CO., ) | |
| ) | Case No. 03 C 1002 |
| Plaintiff, ) | |
| ) | Wayne R. Andersen |
| v. ) | District Judge |
| ) | |
| SAMSUNG ELECTRO-MECHANICS ) | |
| CO., LTD., ) | DOCKETED |
| ) | OCT 2 1 2003 |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on the parties' cross-motions for summary judgment. Plaintiff Papst Licensing GmbH & Co. ("Papst") filed a motion for summary judgment that defendant Samsung Electro-Mechanics Co., Ltd. ("Samsung") has breached an agreement between the parties entitled First Settlement Agreement. Samsung filed a cross-motion for summary judgment on Counts I and II of its Counterclaim, seeking a declaratory judgment that Samsung did not breach the First Settlement Agreement or alternatively equitable reformation of the Agreement. For the following reasons, we grant Papst's motion for summary judgment and deny Samsung's cross-motion for summary judgment.

## STATEMENT OF FACTS

The following facts are taken from the parties' briefs. Papst and Samsung entered into two contracts entitled First Settlement Agreement and Second Settlement Agreement which were executed by Papst on March 19, 1999 and Samsung on April 2, 1999. Each agreement grants Samsung license rights under certain patents owned by Papst, and sets forth a schedule for annual

royalty payments from 1998 through 2004. The license rights in the First Settlement Agreement relate to brushless direct current motors for hard disk drives, and the license rights in the Second Settlement Agreement relate to brushless direct current motors for uses other than hard disk drives.

Paragraph 11(n) of the First Settlement Agreement provides:

> (n) Irrespective of any provisions herein to the contrary, if during any of the "Royalty Periods" set forth in paragraph 3 of this First Settlement Agreement both [Samsung] and all of its SUBSIDIARIES all do not sell any brushless [direct current] motors from any sources, including such brushless [direct current] motors which are built into [Samsung's] and its SUBSIDIARIES' products, then, for each of those "Royalty Periods," [Samsung] shall not be obligated to make the payment indicated in paragraph 3 of this First Settlement Agreement for each of those "Royalty Periods" only.[1]

During the royalty periods from 1998 through 2000, Samsung sold brushless direct current motors for hard disk drive applications and paid the royalty payments specified in the First Settlement Agreement for those periods. However, Samsung did not sell any brushless direct current motors for hard disk drive applications during the royalty periods 2001 and 2002 and has not paid the royalty payments under the First Settlement Agreement for 2001 and 2002. Although Samsung did not sell brushless direct current motors for hard disk drives during the 2001 and 2002 royalty periods, it did sell brushless direct current motors for uses other than hard disk drive applications.

---

[1] The parties have agreed in their statement of facts and response to the statement of facts that there are certain typographical and grammatical errors in paragraphs 11(n) of the First and Second Settlement Agreements, this Court recognizes those errors and, for clarity, has adopted and incorporated the correct words and grammar into its quotations of the contractual language.

2

Paragraph 11(n) of the Second Settlement Agreement states:

> (n) Irrespective of any provisions herein to the contrary, if during any of the "Royalty Periods" set forth in paragraph 3 of this Second Settlement Agreement both [Samsung] and all of its SUBSIDIARIES all do not sell any brushless [direct current] motors from any sources, including such brushless [direct current] motors which are built into [Samsung's] and its SUBSIDIARIES' products, then, for each of those "Royalty Periods," [Samsung] shall not be obligated to make the payment indicated in paragraph 3 of this Second Settlement Agreement for each of those "Royalty Periods" only.

During the royalty periods from 1998 through 2002, Samsung sold brushless direct current motors for uses other than hard disk drives and has remitted royalty payments for each year to Papst under the Second Settlement Agreement.

In its Complaint, Papst claims that Samsung has breached the First Settlement Agreement because of its failure to make the 2001 and 2002 royalty payments. Papst claims that since Samsung has admitted to selling some type of brushless direct current motors during 2001 and 2002, notwithstanding the fact that the direct current motors which Samsung sold were for uses other than hard disk drives, royalty payments are due and owing under the First Settlement Agreement.

Samsung disagrees and seeks a declaratory judgment in Count I of its Counterclaim that it is not in breach of the First Settlement Agreement. Samsung claims that, because the only brushless direct current motos it sold in 2001 and 2002 were for uses other than hard disk drives, Samsung does not have to pay the royalty payments set forth in the First Settlement Agreement. Alternatively, in Count II of its Counterclaim, Samsung requests that the Court equitably reform the contract. For the following reasons, we grant Papst's motion for summary judgment on its

breach of contract claim and deny Samsung's cross-motion for summary judgment on Counts I and II of its Counterclaim.

## DISCUSSION

Summary judgment will be granted when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *O'Connor v. DePaul Univ.*, 123 F.3d 665, 669 (7th Cir. 1997). A genuine dispute about a material fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Celotex Corp.*, 477 U.S. at 323-24. In making this determination, the Court must draw every reasonable inference from the record in the light most favorable to the non-moving party and should not make credibility determinations or weigh evidence. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001).

I. <u>The Language of Paragraph 11(n) of the First Settlement Agreement Is Clear and Unambiguous</u>

Contract interpretation is a subject particularly suited to disposition by summary judgment. *Metalex Corp v. Uniden Corp. of America*, 863 F.2d 1331, 1333 (7th Cir. 1988). If a contract is unambiguous and contains no uncertain terms, interpretation of the contract is a question of law for the court. *Dribek Importers, Inc. v. G. Heileman Brewing Co., Inc.*, 883 F.2d 569, 573 (7th Cir. 1989). Under Illinois law, contractual provisions that are clear and unambiguous must be enforced as written. *Michigan Ave. Nat'l Bank of Chicago v. Evans, Inc.*, 531 N.E.2d 872, 877 (Ill. App. Ct. 1988). When a contract is unambiguous on its face, "[b]oth the meaning of the instrument, and the intention of the parties must be gathered from the face of

the document without the assistance of any parol evidence or any other extrinsic aids."
*Rakowski v. Lucente*, 472 N.E.2d 791, 794 (Ill. Sup. Ct. 1984).

Paragraph 11(n) of the First Settlement Agreement states that Samsung is not obligated to make a royalty payment for a specific year if it does not sell "<u>any</u> brushless [direct current] motors <u>from any sources</u>" (emphasis added). Samsung suggests that this Court should interpret the language of paragraph 11(n) of the Agreement to mean that Samsung is excused from making royalty payments under the First Settlement Agreement in the years that Samsung does not sell direct current motors for hard disk drives. However, the specific language of paragraph 11(n) does not carve out any exception to Samsung's obligation to pay if it does not sell direct current motors for hard disk drives. Rather, the language of the Agreement as written specifically states that Samsung will be relieved of its obligation to pay the annual royalty payments only if it does not sell "<u>any</u> brushless [direct current] motors <u>from any sources</u>" (emphasis added).

Reading the contract provision as written, the language of paragraph 11(n) on its face is clear and unambiguous. Therefore, the contract must be enforced as written. Samsung argues that, because the license rights in the First Settlement Agreement relate to brushless direct current motors for hard disk drives, its obligation to pay the royalty payment should be based on its sale of motors for hard disk drives. However, that is not what the contract says. Paragraph 11(n) clearly states that Samsung will be relieved of its obligation to pay the annual royalty payments only if it does not sell "<u>any</u> brushless [direct current] motors <u>from any sources</u>." The obligation to pay the annual royalty is based on Samsung's sale of "<u>any</u> brushless [direct current] motors <u>from any sources</u>."

5

This Court is not persuaded by Samsung's arguments and concludes that the First Settlement Agreement is clear and unambiguous on its face and should be enforced as written. Thus, this Court grants Papst's motion for summary judgment on its breach of contract claim and denies Samsung's cross-motion for summary judgment on Count I of its Counterclaim.

II.     Samsung Is Not Entitled to Equitable Reformation of the First Settlement Agreement

In Count II of its Counterclaim, Samsung alternatively seeks equitable reformation of paragraph 11(n) of the First Settlement Agreement. Samsung asserts that the language of paragraph 11(n) is inconsistent with the parties negotiations and agreement. Samsung claims that the parties agreed to excuse Samsung from making an annual royalty payment pursuant to the First Settlement Agreement if it stopped selling direct current motors for hard disk drives. However, paragraph 11(n) in the First Settlement Agreement specifically states that Samsung is not obligated to make a royalty payment if it does not sell "direct current motors from any sources."

Samsung seeks to have the Court re-write the "from any sources" language to provide that Samsung does not have to make its royalty payments if it stops selling direct current motors "for hard disk drives." Samsung attempts to create ambiguity in the First Settlement Agreement by arguing that the contract provision means something other than what it says or that a mistake was made and that the parties intended the language to mean something different.

The underlying basis for reformation of contract is the existence of a mutual understanding between the parties which the parties agreed to reduce to writing, but through either mutual mistake or mistake on one side coupled with fraud on the other, a material provision was omitted. *Briarcliffe Lakeside Townhouse Owners Assoc. v. City of Wheaton*, 524

N.E.2d 230, 235 (Ill. App. Ct. 1988). However, misunderstanding is not a basis for contract reformation. As the Seventh Circuit explained in *United States v. Sandles*, 80 F.3d 1145 (7th Cir. 1996): "Where there is a mutual misunderstanding as to the material terms of a contract, the appropriate remedy is rescission, not unilateral modification." *Id.* at 1148.

Indeed, the purpose of reformation is to change the written instrument by inserting the omitted provision so that the instrument conforms to the original agreement between the parties. *Briarcliffe*, 524 N.E.2d at 235. Thus, what is sought to be reformed is not the understanding between the parties, but rather the written instrument which inaccurately reflects it. *Id.* "Equity cannot make a new agreement for the parties under the color of reforming the one made by them, nor can it be used to add a provision to the contract that was never agreed upon." *Suburban Bank of Hoffman-Schaumburg v. Bousis*, 578 N.E.2d 935, 940 (Ill. Sup. Ct. 1991).

The record is devoid of any evidence of fraud, deceit or concealment on the part of Papst. Indeed, the record reflects that: (1) sophisticated parties participated in negotiations for over a year; (2) the parties exchanged numerous drafts of an agreement and that various terms of the agreement were revised, deleted and re-inserted as a result of the parties' negotiations; and (3) as a result of those negotiations, the First and Second Settlement Agreements were executed. Samsung has not presented any evidence to indicate that Papst knew that the instrument finally prepared did not accurately reflect the parties' agreement and concealed the error from Samsung at the time the agreements were signed. In addition, there is no evidence to suggest that the parties actually agreed to the contractual provision Samsung suggests.

In its memorandum of law, Samsung argues that its "objective evidence would support a verdict by the finder of fact that Papst shared this belief – or, at least, knew or had reason to

know of [Samsung's] belief." Yet, Samsung has failed to identify any citation in the record to illustrate that Papst, in fact, shared Samsung's mistaken belief that Samsung did not have to make its royalty payments if it stopped selling direct current motors for hard disk drives. Unsupported factual conclusions are not enough to dispute a motion for summary judgment. Indeed, the correspondence submitted by Papst, which Samsung objects to based on Papst's failure to authenticate the exhibits but does not dispute in substance, clearly shows that the language which Samsung seeks to reform was proposed, rejected and withdrawn from the draft negotiations.

Even taking all reasonable inferences from the facts submitted by Samsung only, this Court does not find that the record supports the conclusion that the First Settlement Agreement should be reformed. There is no evidence to support a finding that Papst committed any fraud and purposefully omitted a material term of the contract. In addition, without any facts before this Court to show that Papst and Samsung specifically agreed that Samsung did not have to make an annual royalty payments if it stopped selling direct current motors for hard disk drives (rather than if Samsung stopped selling brushless direct current motors "from any sources" as provided in the First Settlement Agreement), then Papst is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, we grant Papst's motion for summary judgment on its breach of contract claim and deny Samsung's cross-motion for summary judgment on Counts I and II of its Counterclaim. In granting summary judgment on Count I of Papst's Complaint, we have

8

resolved the issue of liability. However, the issue of damages may still remain. Thus, we set a status for November 21, 2003 at 9:00 a.m.

                                                       Wayne R. Andersen
                                                       United States District Judge

Dated: October 20, 2003